EDWIN F. FOSTER, Respondent, v. ALFRED WILKINSON, J. FORMAN WILKINSON, CHARLES P. CROSBY and JOHN WILKINSON, Appellants.

*Supplementary proceedings — a witness may be compelled to attend in a county other than that of his residence — Code of Civil Procedure, sec. 2459 — when an attorney cannot refuse to testify as to a transaction had with his client on the ground that it was privileged — Code of Civil Procedure, sec. 835.*

The prohibition contained in section 2459 of the Code of Civil Procedure against compelling a judgment debtor, or other person required to appear and be examined in proceedings supplementary to execution, to attend at a place without the county wherein his residence or place of business is situated, does not apply to witnesses subpœnaed to appear and testify in such proceedings. Such a witness may be compelled to appear and be examined in a county other than that of his residence.

In proceedings supplementary to execution a person, to whom a mortgage had been given by one to whom the judgment debtors had conveyed the real estate described in the mortgage, was subpœnaed as a witness and interrogated as to the circumstances attending the execution of the mortgage and the consideration thereof. He refused to answer on the ground that he was an attorney and counselor-at-law, and was, at the time the mortgage was given, acting as the counsel of the mortgagor.

*Held*, that the witness by becoming a party to the mortgage lost his privilege and was bound to testify in respect to its execution and consideration the same as any other witness.

Appeal from an order of the county judge of Onondaga county adjudging the appellant Crosby guilty of contempt in refusing to answer certain questions put to him in proceedings supplementary to execution.

*Chamberlain & Ayers*, for Charles P. Crosby, appellant.

*Louis Marshall,* for John Wilkinson, appellant.

*Hiscock, Gifford & Doheny*, for the respondent.

Follett, J.:

December 9, 1884, a deed executed by Alfred Wilkinson and J. Forman Wilkinson to John Wilkinson, purporting to convey the Globe Hotel property, and a mortgage executed by John Wilkinson to Charles P. Crosby, upon the same property to secure the pay-

ment of $125,000 were recorded in the office of the clerk of Onondaga county. On the same day Alfred and J. Forman Wilkinson made a general assignment for the benefit of creditors, which was recorded the next day. The deed bears date May 5, 1884, and the mortgage November 24, 1884. January 8, 1885, a judgment was entered and docketed in the County Court in favor of the plaintiff and against Alfred and J. Forman Wilkinson, upon which proceedings supplementary to execution were duly instituted before the county judge of Onondaga county. Charles P. Crosby, the mortgagee, a resident of the city of New York, was subpoenaed to attend the examination as a witness for the plaintiff, pursuant to section 2444 of the Code of Civil Procedure. The witness appeared and was sworn, and thereupon his counsel objected to his examination on the ground that he could not be compelled to testify outside of the county of his residence. This objection was overruled by the county judge and the witness required to answer, which is alleged to be error. Judgment debtors and third persons proceeded against under section 2441, if residents of this State, cannot be compelled to submit to an examination without the county of their residence. (Sec. 2459.) This limitation is not applicable to witnesses. The design of the Code is to require such proceedings to be conducted in the county in which the parties proceeded against reside, for their convenience and for the protection of their rights, which would be wholly defeated if the proceedings are required to be held in the county in which a witness for either party happens to reside. A witness may be compelled to be examined in supplementary proceedings in a county other than the one of his residence. (Code of Civil Pro., §§ 854 to 858 and 2444.)

The witness, on being interrogated about the circumstances attending the execution of the mortgage to him and about its consideration, refused to answer on the ground that he was an attorney and counselor-at-law, and was at the time acting as the counsel of the mortgagor, whereupon the county judge adjudged him guilty of contempt, imposed a fine of $125, and ordered him to stand committed until paid. The witness, by becoming a party to this mortgage, lost his privilege, and was bound to testify in respect to its execution and the consideration upon which it was executed, the same as any witness. A client is privileged from testifying to such

transactions and communications with his counsel as his counsel is privileged in respect to, and it would be a strange rule which should permit attorney and client to enter into mutual contracts and be exempt from testifying as to their consideration and integrity, when attacked by creditors. Such a rule would enable persons to perpetrate the grossest frauds without the possibility of detection. When an attorney witnesses a contract executed by or to his client, he is bound to testify in respect to it. (*Doe* v. *Andrews*, 2 Cowper, 845; *Robson* v. *Kemp*, 5 Esp., 52; *Lord Walsingham* v. *Goodricke*, 3 Hare, 122, and notes to the Am. ed.; 1 Greenl. Ev., § 244; Taylor's Ev., §§ 852, 853; Whart. Ev., § 592; Story's Eq. Pl., § 601.) "The solicitor, acting as *particeps criminis*, and not in the true relationship of solicitor and client, is bound to produce the documents concocted between him and his client." (*Reynell* v. *Sprye*, 11 Beav., 618.) Section 835 of the Code of Civil Procedure is but an affirmation of the common-law rule, and has not extended the privilege to a case like the one at bar. It was not urged before the referee nor upon this appeal that the subpœna was not issued by the referee, as provided by section 854 of the Code of Civil Procedure. (*People* v. *Ball*, decided at this term.*) The witness was not punished for refusing to attend in obedience to the subpœna, but for refusing to answer after having been sworn.

The order is affirmed, with ten dollars costs and disbursements.

HARDIN, P. J., and VANN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

* Reported; see next case.